IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01644-GPG

BRADLEY REEGER,

    Petitioner,

v.

RICK RAEMISCH, Executive Director for Colorado Department of Corrections, and
CYNTHIA COFFMAN, Attorney General for Colorado,

    Respondents.

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

    Petitioner, Bradley Reeger, is currently incarcerated at Crowley County Correctional Facility in Olney Springs, Colorado. On July 31, 2015, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). On August 4, 2015, the Court ordered Mr. Reeger to cure certain deficiencies if he wished to pursue his claims. (ECF No. 3). Specifically, the Court directed Mr. Reeger to either pay the $5.00 filing fee or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Additionally, Mr. Reeger was directed to file his Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on the proper form as required by the local rules for the District of Colorado. Mr. Reeger was directed to obtain the Court-approved forms, along with the applicable instructions, at the court's website and use the forms to cure the noted deficiencies.

    In response to the Court's Order, on August 17, 2015, Mr. Reeger filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF

No. 4) and a "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. 24 in a Criminal Case" (ECF No. 5).  After reviewing the submitted documents, the Court notes that they are deficient. Specifically, the submitted documents are not on the court-approved forms.

It appears that Mr. Reeger was attempting to comply with the Court's August 4, 2015 Order, so he will be given one final opportunity to cure the deficiencies and file both the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the court-approved forms.

Local Civil Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the Court-approved forms found on the Court's website.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights).  Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Petitioner files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Petitioner shall obtain the court-approved Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use the forms to cure the above noted deficiencies.  It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED September 11, 2015, at Denver, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge