IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01644-GPG

BRADLEY REEGER,

    Petitioner,

v.

RICK RAEMISCH, Executive Director for Colorado Department of Corrections, and
CYNTHIA COFFMAN, Attorney General for Colorado,

    Respondents.

## THIRD ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

    Petitioner, Bradley Reeger, is currently incarcerated at Crowley County Correctional Facility in Olney Springs, Colorado. On July 31, 2015, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). On August 4, 2015, the Court ordered Mr. Reeger to cure certain deficiencies if he wished to pursue his claims. (ECF No. 3). Specifically, the Court directed Mr. Reeger to either pay the $5.00 filing fee or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Additionally, Mr. Reeger was directed to file his Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on the proper form as required by the local rules for the District of Colorado.

    In response to the Court's Order, on August 17, 2015, Mr. Reeger filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) and a "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. 24 in a Criminal Case" (ECF No. 5). After

reviewing the submitted documents, the Court found that they were deficient. On September 11, 2015, the Court ordered Mr. Reeger to cure certain designated deficiencies. (ECF No. 6). Specifically, the court ordered Mr. Reeger to file his habeas application and his § 1915 Motion on the court-approved forms.

In response, on October 7, 2015, Mr. Reeger filed both a § 1915 Motion and a § 2241 habeas application on the current court-approved forms. (ECF No. 7 and 9). However, the habeas application is still deficient. Although Mr. Reeger filed the application on the correct form, he did not sign the application. (ECF No. 7 at 5). Further, he did not include any supporting factual allegations on the court-approved habeas application, but instead referenced an attached "'amended' petition for writ of habeas corpus for release from custody pursuant to 28 U.S.C. 2241." (*Id.* at 3). The referenced attachment is simply his previously filed habeas application, which was not on the court-approved form. The claims and supporting factual allegations should all be included on the court-approved habeas application. Additional pages may be attached if necessary, but the Court should not be forced to sift through a separate habeas application to locate the supporting factual allegations for particular claims.

It appears that Mr. Reeger was attempting to comply with the Court's September 11, 2015 Order, so he will be given an additional – but final -- opportunity to cure the deficiencies and file the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the court-approved form, with an original signature by the Petitioner, and that includes supporting factual allegations for the claims.

Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Petitioner files in response to

this order must include the civil action number on this order.  It is

FURTHER ORDERED that Petitioner shall obtain the court-approved Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov), and use the form to cure the above noted deficiencies.  It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED October 15, 2015, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Gordon P. Gallagher
                                                United States Magistrate Judge