IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01644-GPG

BRADLEY REEGER,

      Applicant,

v.

RICK RAEMISCH, Executive Director for Colorado Department of Corrections,
CYNTHIA COFFMAN, Attorney General for Colorado, and
MICHAEL MILLER, Warden for Crowley County Correctional Facility,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Bradley Reeger, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Crowley County  Correctional Facility in Olney Springs, Colorado.  Applicant has filed *pro se* an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 11).  He has paid the filing fee. (ECF No. 14).

      Applicant was sentenced on January 17, 2002 in Boulder County District Court case number 01CR201.  He complains that Respondents are violating his constitutional rights because his release on parole is conditioned on his participation in a sex offender treatment program and he has been denied a transfer to a prison facility where the treatment program is offered.  As relief, Applicant asks that the Court order his immediate release.

The Court must construe Applicant's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Application will be denied and the action dismissed.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  A § 2241 action must be brought by an applicant who is in custody in violation of the Constitution or laws of the United States.  "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Applicant's claim that he is being denied an opportunity for parole because he is not being allowed to participate in sex offender treatment, however, is not cognizable under § 2241 for the following reasons.

"[A] federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it," and "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009).  "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (citation omitted); *see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (An applicant has no inherent constitutional right to be conditionally released before the expiration of a valid sentence).

The Colorado Parole Board has unlimited discretion to grant or deny parole for defendants serving sentences for crimes committed on or after July 1, 1985. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6).

As may be applicable to this case, the Colorado Parole Board has the following powers and duties:

> To meet as often as necessary every month to consider all applications for parole.  The board may parole any person who is sentenced or committed to a correctional facility when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law and that release of such person from institutional custody is compatible with the welfare of society.  If the board refuses an application for parole, the board shall reconsider the granting of parole to such person within one year thereafter, or earlier if the board so chooses, and shall continue to reconsider the granting of parole each year thereafter until such person is granted parole or until such person is discharged pursuant to law; except that, if the person applying for parole was convicted of any class 3 sexual offense described in part 4 of article 3 of title 18, C.R.S., a habitual criminal offense as defined in section 18-1.3-801(2.5), C.R.S., or of any offense subject to the requirements of section 18-1.3-904, C.R.S., the board need only reconsider granting parole to such person once every three years, until the board grants such person parole or until such person is discharged pursuant to law, or if the person applying for parole was convicted of a class 1 or class 2 felony that constitutes a crime of violence, as defined in section 18-1.3-406, C.R.S., the board need only reconsider granting parole to such person once every five years, until the board grants such person parole or until such person is discharged pursuant to law.

Colo. Rev. Stat. § 17-2-201(4)(a).

The Colorado parole board also is directed in part, as applicable to this case, that

> [o]n completion of the minimum period of incarceration specified in a sex offender's indeterminate sentence, less any earned time credited to the sex offender pursuant to section 17-22.5-405, C.R.S., the parole board shall schedule a hearing to determine whether the sex offender may be released on parole.  In determining whether to release the sex offender on parole, the parole board shall determine whether the sex offender has successfully progressed in treatment and would not pose an undue threat to the community if released under appropriate treatment and monitoring

Case 1:15-cv-01644-LTB   Document 15   Filed 12/07/15   USDC Colorado   Page 4 of 6

requirements and whether there is a strong and reasonable probability that the person will not thereafter violate the law.  The department shall make recommendations to the parole board concerning whether the sex offender should be released on parole and the level of treatment and monitoring that should be imposed as a condition of parole. . . .

Colo. Rev. Stat. § 18-1.3-1006(1)(a).

According to the DOC website, Applicant was sentenced on January 17, 2002, to eight years to life in prison and became parole eligible on March 19, 2007. *See* http://www.doc.state.co.us/oss.[1]  Although not alleged in his application, the supporting documents indicate that Applicant was at one time enrolled in the sex offender treatment program, but he was released from the program because of the results of a polygraph. (ECF No. 11 at 7).  Applicant has been before the parole board at least two times, but he asserts that he has been denied parole each time because he has not completed a treatment program. (ECF No 11 at 6).

The Court, therefore, finds that Applicant has been provided with parole reviews as may be required.  However, he is not entitled to parole under Colorado law because the granting of parole is discretionary.  The parole board may deny Applicant parole even if he does complete the sex offender treatment program.  As a result, Applicant's claim is not cognizable pursuant to 28 U.S.C. § 2241 because his claim, if granted, would not necessarily result in a speedier release. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (When a prisoner's claim does not necessarily result in a speedier release, the claim does not lie at the "core of habeas corpus.") (quoting, *Preiser*, 411

---

[1]  The Court may take judicial notice of the contents of the CDOC's Offender Search website. *See Triplet v. Franklin*, No. 06-6247, 365 F. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (unpublished) (taking judicial notice of Oklahoma Department of Corrections' website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.,* 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies").

_8

U.S. at 489)).

Based on the above findings, the Application will be denied.  If Applicant wishes to assert claims challenging the conditions of his confinement based on the administration of the sex offender treatment program, he must do so in a separate prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. *See Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002) ("[U]nless the claim would fall within the 'core of habeas' and *require* sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983") (emphasis added)(citation omitted)).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED December 7, 2015, at Denver, Colorado.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court